IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SURIMA SUAREZ CESTERO, et al.,      *
                                    *
        Plaintiff                   *
                                    *
vs.                                 *      CIVIL NO. 97-2251 (JP)
                                    *
DANIEL PAGAN ROSA, et al.,          *
                                    *
        Defendant                   *
_____*

## INITIAL SCHEDULING CONFERENCE CALL

**I.    INTRODUCTION**

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure,
which requires the Court to schedule and plan the course of all
litigation to achieve just, speedy, and inexpensive determinations,
it is hereby ORDERED that Counsel meet with the Court in chambers
located at Suite 353 U.S. Courthouse and Post Office Building, 300
Recinto Sur Street, San Juan, Puerto Rico on **May 23, 2001, at 2:00
p.m.**, for an Initial Scheduling Conference ("ISC"). **The Court
urges the parties to read the orders contained in this Call
carefully.   Failure to comply will result in stiff penalties,
including but not limited to the entry of default, the dismissal of
one or more claims or defenses, barring of witnesses or evidence,
or monetary sanctions.** See Fed. R. Civ. P. 16 (f).

        This Call and the Court's entire ISC regime extend from the
philosophy of our adversarial judicial system as a method for
reaching the truth.   Under our adversarial system, the truth is
often a flexible entity.   The lawyers obtain their respective

AO 72A
(Rev.8/82)

CIVIL NO. 97-2251 (JP)                2

versions of the truth from different sources with different perspectives and different motives. Nevertheless, our judicial system and this Court in particular believes that the search for the truth must be a common enterprise, and in order to obtain the clearest picture of the truth, the attorneys and the Court must understand the positions of each party and the evidence the parties plan to use in support of those positions. When the lawyers and the Court fully comprehend each party's position and evidence, each can make a realistic and comprehensive evaluation of the truth. Only then can the value of each party's position be fairly assessed in terms of litigation costs, jury appeal, potential liability, and collectability of judgment. The Court considers the ISC to be an extremely important phase of any litigation before it and strongly recommends that lead counsel for each party should attend.

II. **ORDERS**

    A.    Pursuant to Federal Rule of Civil Procedure 26(f), as amended effective December 1, 2000, the parties are hereby **ORDERED**, as soon as practicable, **but no later than twenty-one (21) days prior to the Initial Scheduling Conference**:

            1)    to confer to consider the nature and basis of their claims and defenses, and to explore the possibilities for a prompt settlement or resolution of the case; and

CIVIL NO. 97-2251 (JP)              3

2)    to make or arrange for the disclosures required by
      Rule 26(a)(1) of the Federal Rules of Civil
      Procedure, as amended effective December 1, 2000:

      (A)    the name and, if known, the address and
             telephone number of each individual
             likely to have discoverable information
             that the disclosing party may use to
             support its claims or defenses, unless
             solely for impeachment, identifying the
             subjects of the information;

      (B)    a copy of, or a description by category
             and location of, all documents, data
             compilations, and tangible things that
             are in the possession, custody, or
             control of the party and that the
             disclosing party may use to support its
             claims or defenses, unless solely for
             impeachment;

      (C)    a computation of any category of damages
             claimed by the disclosing party, making
             available for inspection and copying as
             under Rule 34 the documents or other
             evidentiary material, not privileged or
             protected from disclosure, on which such
             computation is based, including materials

CIVIL NO. 97-2251 (JP)                4

                         bearing on the nature and extent of injuries suffered; and

     (D)   for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

B.     The parties are further **ORDERED** to come to the ISC prepared to:

1)    disclose all material facts and bring forth evidence to show such facts;

2)    enter into stipulations of fact;

3)    inform the Court of the legal contentions of the parties and their theories of the case, with citations to statutes and case law (see Ramírez Pomales v. Becton Dickinson & Co., 839 F.2d 1, 3-6 (1st Cir. 1988));

4)    answer all interrogatories;

5)    announce all documentary evidence;

6)    announce all witnesses, including experts, along with a description of each witness' propose testimony;

CIVIL NO. 97-2251 (JP)                5

    7)   <u>schedule dates for taking all depositions</u>;

    8)   assess any damages claimed;

    9)   discuss settlement;

    10)  set a deadline for dispositive motions, amendment of the pleadings, and joinder of parties; and

    11)  set dates for the Pretrial Conference and Trial.

The parties, especially the Plaintiffs, are warned that they will have a limited capacity to amend the witness and evidence lists they propose at the ISC. The Court strongly suggests that the parties investigate all possible evidence and witnesses prior to the ISC.

Moreover, as one of the objectives of the Conference is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case, counsel attending the Conference are expected to be conversant with the facts and the law so that they are able to enter into such agreements. <u>Counsel shall bring with them to the Conference copies of the transcripts of any depositions which have been taken, and interrogatories which have been answered prior to the time of the Conference</u>. Counsel should be thoroughly prepared to answer all interrogatories and questions pertaining the facts of the case so the parties can adduce all the facts and the Court can resolve any objections to interrogatories, prevent a subsequent flood of paper motions, and accomplish early case management effectively and efficiently. The fact that the other party has not answered

CIVIL NO. 97-2251 (JP)                6

interrogatories is not an excuse for counsel's inability to answer
questions about the facts in the case.  In addition, Counsel should
be prepared to respond to any other such queries as the Court may
deem appropriate to discuss settlement prospects.  <u>See</u> Pieras,
<u>Judicial Economy and Efficiency Through the Initial Scheduling</u>
<u>Conference:  The Method</u>, 35 Cath. U. L. Rev. 943 (1986).

Moreover, to facilitate settlement negotiations, the attorneys
are **ORDERED** to have their clients available by phone, under penalty
of fine.  As required by Rule 16(c) of the Federal Rules of Civil
Procedure, "[a]t least one of the attorneys for each party
participating in any conference before trial shall have authority
to enter into stipulations and to make admissions regarding all
matters that the participants may reasonably anticipate may be
discussed."  Failure to participate in good faith, or participating
while being substantially unprepared, are noncompliant acts under
Rules 16(f) and 41(b) that may result in sanctions, including the
payment of reasonable expenses incurred because of the
noncompliance or fines levied upon attorneys personally, the
dismissal of the complaint, the prohibition of certain witness's
testimony and the admission of facts.  <u>See</u> <u>Boettcher v. Hartford</u>
<u>Insurance Co.</u>, 927 F.2d 23 (1st Cir. 1991); <u>Vakalis v. Shawmut</u>
<u>Corp.</u>, 925 F.2d 34, 36 (1st Cir. 1991).

The Court will issue an Initial Scheduling Conference Order
following the Conference which will set forth all matters covered
during the Conference, including preliminary orders of the Court

CIVIL NO. 97-2251 (JP)            7

and a discovery schedule, <u>setting dates for the taking of depositions, deadlines for dispositive motions</u>, amendment of the pleadings, and joinder of parties. All orders issued during the Initial Scheduling Conference are effective <u>immediately</u>; the parties are responsible for complying with these orders regardless of when the Initial Scheduling Conference Order is entered. The Initial Scheduling Conference Order will also contain an itemized list of facts as to which no controversy exists. In finding that facts are uncontroverted, the Court will not limit its quest to the list of uncontroverted facts in the ISC memoranda. The Court will also examine the pleadings, documents filed with the Court, as well as the statements of the parties during the ISC, to find factual common ground between the parties. The parties are admonished that the Court will not look favorably upon capricious objections to its findings of no controversy. Parties shall only object to the Court's findings of uncontroverted facts after thoroughly examining all documents, pleadings and their statements during the ISC and determining that a controversy of fact still exists. If a party wishes to object to the Court's findings of uncontroverted facts, he or she shall specifically support its contention that factual controversy exists by pointing out the documents that reflect controversy. The parties are on notice of the Orders of the Court as of the date of the Conference, however, and will not be excused from following an Order of the Court on grounds that they received a copy of the ISC Order after the date at issue has passed.

CIVIL NO. 97-2251 (JP)              8

C.    Each party must file, **at least seven (7) natural days prior to the Initial Scheduling Conference,** a memorandum which (i) discusses the party's factual and legal contentions, (ii) sets forth proposed uncontested facts, (iii) lists the party's witnesses (fact and expert) and summarizes the nature of each witness' expected testimony, (iv) lists the party's documentary evidence and summarizes the contents of such evidence, (v) itemizes all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) which the party wishes to conduct, and (vi) states when the initial disclosures required under Rule 26(a)(1), as amended effective December 1, 2000, were made.    The parties are reminded that Rule 26(a)(1) requires that initial disclosures be made no later than fourteen (14) days after the Rule 26(f) conference is held, unless a party objects during the Rule 26(f) conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the memorandum.    The parties are warned, however, that if the Court finds any such objection frivolous or lacking substantial merit, the party raising such objection will be subject to sanctions, including but not limited to monetary sanctions against the attorney.    The memoranda may also include any other matter(s) deemed appropriate.

The parties must exchange copies of their ISC memoranda, and courtesy copies of the ISC memoranda must be delivered to the Judge's chambers **at least seven (7) natural days prior to the**

CIVIL NO. 97-2251 (JP)            9

**Initial Scheduling Conference.** Failure to do so will result in sanctions in the amount of $200.00 per day for every day a memorandum is late.

D.    Unless already filed, answers to the complaint must be filed within ten (10) days of the date of the issuance of this ISC Call.  Any such filing will not be deemed a waiver of any previously filed motions.

E.    Any party wishing to use expert witnesses shall submit a report from each expert witness to opposing counsel and to the Court.  Such report shall be signed by the expert and shall contain the expert's findings, the relation of cause and effect, and if dealing with a medical condition, a statement as to the diagnosis and prognosis.  The Court expects that at least Plaintiff's attorney shall have these reports ready by the Initial Scheduling Conference.  Each report shall also include:

1) A complete statement of all opinions to be expressed by the expert and the basis for those opinions.

2) The data or other information considered by the expert to form her opinions.

3) Exhibits to be used to summarize or support the opinions.

4) A curriculum vitae and an explanation of the expert's qualifications.

CIVIL NO. 97-2251 (JP)                10

    5)    A list of all cases in which the expert testified at trial or by deposition in the last four years.

    6)    Disclosure by the expert of her business practice; whether the expert is a practicing physician, a scientist conducting research, or otherwise engaged. In general, is she a practicing professional in one particular area or is she engaged exclusively as an expert; if engaged as an expert, what percentage of her professional time is she so engaged.

The Court further advises the attorneys that the information the expert is to give cannot be sketchy or vague. If the report of the expert is not as described herein, the expert's testimony will not be permitted on direct examination.

F.   All counsel should anticipate a trial date within ninety (90) days of this date. Once a trial has been set with the concurrence of counsel, no continuances will be granted. A trial will not be continued solely because counsel have agreed to recommend a settlement. A trial date will be passed only if a settlement has been firmly bound.

G.   All counsel are admonished to expedite discovery. Interrogatories must be limited to no more than <u>30 questions</u>. The Court reiterates that the parties should be prepared to answer all interrogatories at the ISC and address any objections to the questions or answers provided.

AO 72A
(Rev.8/82)

CIVIL NO. 97-2251 (JP)                11

H.   The Court firmly believes in the interplay of Rules 7, 11, 16, and 26 of the Federal Rules of Civil Procedure, which require increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation.  All documents filed in this case will be read as if they contain a warranty as to quality and content.  See Fed. R. Civ. P. 11.  All filings must be prepared to the best of the lawyers' knowledge, information and belief, formed after reasonable inquiry.  Sanctions will be imposed for the filings not well grounded in fact.  Such sanctions may include dismissal of the Complaint.

**SO ORDERED.**

In San Juan, Puerto Rico, this _19th_ day of April, 2001.

_____
JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE

BY ORDER OF THE COURT:

FRANCES RIOS DE MORAN
CLERK OF COURT

By: _____
Deputy Clerk

AO 72A
(Rev.8/82)