IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
SURIMA SUAREZ CESTERO, et al.,      *
                                    *
      Plaintiffs,                   *
                                    *
v.                                  *      CIVIL NO. 97-2251 (JP)
                                    *
DANIEL PAGAN ROSA, et al.,          *
                                    *
      Defendants                    *
                                    *
```

**INITIAL SCHEDULING CONFERENCE ORDER**

## I.   INTRODUCTION

The parties met with the Court on September 6, 2001, for an Initial Scheduling Conference, represented by counsel:  José García Pérez, Esq., for all Plaintiffs; Laura González Lugo, Esq., for Plaintiff Surima Suárez Cestero; Salvador Antonnetti Stutts, Esq., for all Defendants in their personal capacity and Francisco San Miguel Fuxench, Esq., for co-Defendant Ferdín Carrasquillo, in his official capacity.

## II.  AGREEMENT OF THE PARTIES

1.   Daniel Pagán was the Secretary of the DRNA from January 1997 to January 2001.

2.   Ferdín Carrasquillo was Mayor of Loíza during the time of the events alleged in the Verified Complaint and continues in that capacity.

3.   Pedro Toledo was Superintendent of Police from January 1993 to January 2001.

4.   Carmelo Correa was Carolina Area Police Commander in May 1997 and thereafter.

CIVIL NO. 97-2251 (JP)          2

5.  The members of the Estates are the owners in fee simple of
    a parcel of land in the Medianía Baja Ward of the
    Municipality of Loíza approximately 900 meters inland from
    the coast, 2.5 Km. East of the Río Grande de Loíza and 2.3
    Km. West of the Río Herrera ("the Property").  The only
    entrance to the Property is located at Km. 8.4 of Puerto
    Rico State Road No. 187 (PR-187).

6.  The permit was issued by the DRNA on December 17, 1996
    after notice by publication was given of the application
    and no opposition was received.  Suárez was also required
    to obtain public liability insurance in the amount of One
    Million Dollars ($1,000,000.00) and she did, as well as a
    Performance Bond in the initial amount of $879,000.00 to
    restore the Property to its original condition in case the
    Project was not completed for causes attributed to the
    developers.  Plaintiffs commenced said extraction at the
    Property in January 1997.

7.  Up to the time that the Verified Complaint was filed, no
    violation of the numerous conditions and requirements of
    the permits issued and approvals given for the project,
    including the extraction of sand, had ever been notified
    to the Plaintiffs notwithstanding the fact that DNRA
    personnel had made inspection and compliance visits at
    least on a weekly basis while the sand extraction was
    being made.

8.  The parties stipulate to the contents and authenticity of
    the Judgment Rendered by the Carolina Superior Court.

CIVIL NO. 97-2251 (JP)              3

9.  The parties stipulate that hearings regarding the permanent injunction took place before the Carolina Superior Court, and further stipulate to the contents and authenticity of the report submitted by Secretary Pagán to the Carolina Superior Court.

10. On July 29, 1997, at the expiration of the Preliminary injunction, by telephone, the Carolina Superior Court notified the parties that it had denied the Permanent Injunction requested by the Municipality and had dismissed the Complaint, announcing that its decision would be issued in writing within ten days.

11. The parties stipulate to the content and authenticity of the letter that was sent to Superintendent Toledo after the Carolina Court rendered its Judgment denying the Permanent Injunction.

12. On August 11, 1997, no sand extraction activities took place.

Regarding allegations 6, 7, and 11, Defendant's attorneys **SHALL** verify the same and **SHALL** object to them if necessary on or before **September 17, 2001**.

## III.  PLAINTIFFS' ALLEGATIONS

Plaintiffs' allegations, as set forth in their ISC Memorandum, and are hereby incorporated by reference.

## IV.  DEFENDANTS' ALLEGATIONS

Defendants' allegations, as set forth in both their ISC Memoranda and are hereby incorporated by reference.

CIVIL NO. 97-2251 (JP)            4

## V.   <u>CONTROVERTED FACTS AND ISSUES</u>

1.   Whether Defendants Carrasquillo, Correa, and Toledo violated Plaintiffs' liberty rights before the TRO hearing took place when the alleged protest occurred in front of the project on May 8, 9 and 11, 1997.

2.   Whether Defendants Carrasquillo, Correa, and Toledo violated Plaintiffs' civil rights under § 1983 before the TRO hearing took place when the alleged protest occurred in front of the project on May 8, 9 and 11, 1997.

3.   Whether Secretary Pagán violated Plaintiffs' rights by prolonging the administrative proceeding against Plaintiffs.

4.   Whether Plaintiffs had a property interest in the permits granted them at the time the alleged protest occurred in front of the project on May 8, 9 and 11, 1997.

## VI.   <u>PRELIMINARY ORDERS</u>

1.   Both defendants' attorneys **SHALL** pay a sanction of $500.00 each to the Clerk of Court on or before **September 17, 2001.**

## VII.  <u>WITNESSES</u>

A. Plaintiffs:  the witnesses for Plaintiff are listed in their memorandum.   The Court hereby incorporates their list by reference.

B.  Defendants:  the witnesses for Defendant are listed in its ISC Memorandum.   The Court hereby incorporates its list by reference.

Additional witnesses will not be allowed because this will create undue prejudice to the opposing party.  If any party wishes

CIVIL NO. 97-2251 (JP)                5

to use any additional witnesses, it will be discretionary with the Court, provided that the parties state in writing on or before **December 15, 2001** the following information regarding each additional witness: name and address with a short statement as to the subject matter of their testimony, and proof that the names of these witnesses, or the fact that their testimony was decidedly material, was not known at the time of this Initial Scheduling Conference, and the reason why they were not known.

In the case of a proposed expert witness, the party requesting leave to amend the witness list shall also provide the expert's report to the Court and to the defendant within two weeks of the request, which must include all the information specified in Rule 26(2)(B) of the Federal Rules of Civil Procedure and any information requested in the Initial Scheduling Conference Call. If any party decides not to use a witness listed herein at trial, it shall notify all other parties at least fifteen days before trial. Failure to provide such notice may result in sanctions, including an instruction to the jury that it may presume that the party did not call the witness to testify at trial because the witness' testimony was adverse to its case.

Noncompliance with this Order will result in such witnesses not being allowed to testify at trial. The Court expressly reserves its decision as to whether the reasons given constitute good cause shown to rebut the presumption that these witnesses should be excluded. The party informing new witnesses must produce them at its own cost for depositions to be scheduled by the other party, to be taken within two weeks if it so desires.

CIVIL NO. 97-2251 (JP)              6

VIII. **DOCUMENTARY EVIDENCE**

>   A.   Plaintiffs:   Plaintiffs have listed their documentary evidence in their ISC Memorandum.   The Court hereby incorporates this list by reference.

>   B.   Defendants:   Defendants have listed their documentary evidence in their ISC Memorandum.   The Court hereby incorporates this list by reference.

No other documents will be admitted without leave of Court.   If any party wishes to use any document not listed herein, it must serve the document on all other parties and notify the Court of its intent to use the document, explaining its relevance and why its existence or materiality was not known at the time of this Conference, on or before **December 15, 2001**.   The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.

IX.   **DISCOVERY**

The parties have agreed that they will conduct the following discovery:

>   A.   Plaintiffs
>>   1.   Depositions:
>>>   a.   Carmelo Correa - **November 27, 2001, at 9:30 a.m.**, at the offices of Plaintiffs' attorneys (All depositions will be taken at the offices of Bufete Bennazar, C.S.P.).
>>>   b.   Pedro Toledo - **November 27, 2001, at 2:00 p.m.**, at the offices of Plaintiffs' attorneys.
>>>   c.   Daniel Pagán - **November 29, 2001, at 9:30 a.m.**, at the offices of Plaintiffs' attorneys.

CIVIL NO. 97-2251 (JP)                 7

        d.   Current Municipal Tax Collector for Loíza – **December 6, 2001, at 9:30 a.m.,** at the offices of Plaintiffs' attorneys.

        e.   Carl Leyva, C.P.A. – **December 6, 2001, at 2:00 p.m.,** at the offices of Plaintiffs' attorneys.

        f.   Ferdín Carrasquillo – **December 12, 2001, at 9:30 a.m.,** at the offices of Plaintiffs' attorneys.

B.   <u>Defendants</u>

   1.   Defendants have no depositions to take.

It was further agreed that the Department of Justice **SHALL** serve Interrogatories and/or Requests for Production of Documents on Plaintiffs or before **September 20, 2001.** In addition, Plaintiffs have agreed that they will serve subpoenas duces tecum or notices to appear at depositions on the parties to be deposed at least <u>10 days</u> before the scheduled date for the deposition.

The parties have agreed that no expert witnesses will be deposed since they have all filed their expert reports, and that translations of the portions of said reports to be utilized at trial shall be furnished. All depositions are taken day-to-day until finished. All the discovery the parties are to conduct has been scheduled herein with their knowledge and consent. Unless the parties agree otherwise, depositions that begin in the morning shall break for lunch at 12:30 p.m. and shall resume at 1:30 p.m.

No further discovery is to be allowed without leave of the Court, and if leave is granted, the rules as herein stated apply to this further discovery. If any other judge schedules anything for the same date as any of the scheduled depositions, the attorney is

CIVIL NO. 97-2251 (JP)                8

to inform that judge that by order of this Court the depositions in this case have already been scheduled and that this Order, because it was entered first, takes precedence over the others.  The Court includes this section as part of the foregoing Order after having been brought to the Court's attention by an attorney in the case of De Jesús Colón, et al. v. Toledo Dávila, et al., Civ. No. 99-1511 (JP).

**X.    JOINDER AND DISPOSITIVE MOTIONS**

Any motions for **joinder of parties**, for **amendment of pleadings** or **third-party complaints** must be filed on or before **December 1, 2001**.  In addition, the Court **GRANTS** until **March 1, 2002**, for the filing of any and all **dispositive motions**; if not filed by said date, the arguments thereunder shall be deemed waived.  Responses shall be filed within **ten natural days**.  Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, which may include the imposition of a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading.

**XI.   SCHEDULE WITH THE COURT**

Pretrial is **SET** for **April 30, 2002, at 2:00 p.m.**  While at the Pretrial Conference, the attorneys are **ORDERED** to have their clients available by phone, under penalty of fine.  Trial is **SET** for **May 13, 2002, at 9:30 a.m.**  Five working days prior to the date of trial, the parties shall: (1) submit proposed jury instructions, if any, together with citations of authorities in support of the proposed instructions; (2) meet and mark all exhibits to be offered at trial, for identification; and (3)  notify the Court in writing whether any witnesses will require the assistance of an interpreter.  Failure to

CIVIL NO. 97-2251 (JP)                9

comply with this Order is at the risk of the proponent of the evidence not submitted in accordance with the above requirements.

The dates specified herein were agreed to or otherwise ordered by the Court at the Conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered before the event. These dates shall not be changed. If changed, the same is at the risk of the party interested in the information or discovery and in no event shall affect the subsequent course of the action as scheduled herein. Fed. R. Civ. P. Rule 16.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of September, 2001.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE