IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SURIMA SUAREZ CESTERO, et al.,       *
                                     *
    Plaintiffs,                      *
                                     *
v.                                   *      CIVIL NO. 97-2251 (JP)
                                     *
DANIEL PAGAN ROSA, et al.,           *
                                     *
    Defendants                       *
                                     *

## FURTHER INITIAL SCHEDULING CONFERENCE ORDER

The parties met with the Court on November 26, 2001, for a Further Initial Scheduling Conference, represented by counsel: José García Pérez, Esq., for all Plaintiffs; Laura González Lugo, Esq., for Plaintiff Surima Suárez Cestero; Carlos Morales Bauzá, Esq., for all Defendants in their personal capacity and Miguel Pagán, Esq., and Francisco San Miguel Fuxench, Esq., for co-Defendant Ferdín Carrasquillo, in his official capacity.

Regarding uncontested facts, the parties have agreed to additional uncontested facts in this case, and therefore, <u>all</u> uncontested facts in this case are as follows:

1. Daniel Pagán was the Secretary of the DRNA from January 1997 to January 2001.

2. Ferdín Carrasquillo was Mayor of Loíza during the time of the events alleged in the Verified Complaint and continues in that capacity.

3. Pedro Toledo was Superintendent of Police from January, 1993 to January, 2001.

CIVIL NO. 97-2251 (JP)                              2

4.  Carmelo Correa was Carolina Area Police Commander in May 1997 and thereafter.

5.  The members of the Estates are the owners in fee simple of a parcel of land in the Medianía Baja Ward of the Municipality of Loíza approximately 900 meters inland from the coast, 2.5 Km. East of the Río Grande de Loíza and 2.3 Km. West of the Río Herrera ("the Property"). The only entrance to the Property is located at Km. 8.4 of Puerto Rico State Road No. 187 (PR-187).

6.  The permit issued by the DRNA required Plaintiffs to obtain public liability insurance in the amount of One Million Dollars ($1,000,000.00), as well as a Performance Bond in the amount of Eight Hundred Seventy Nine Thousand Dollars ($879,000.00).

7.  The parties stipulate to the contents and authenticity of the Judgment rendered by the Carolina Superior Court.

8.  The parties stipulate that hearings regarding the permanent injunction took place before the Carolina Superior Court, and further stipulate to the contents and authenticity of the report submitted by Secretary Pagán to the Carolina Superior Court.

9.  On July 29, 1997, at the expiration of the Preliminary injunction, by telephone, the Carolina Superior Court notified the parties that it had denied the Permanent Injunction requested by the Municipality and had dismissed the Complaint, announcing that its decision would be issued in writing within ten days.

CIVIL NO. 97-2251 (JP)                    3

10. The parties stipulate to the content and authenticity of the letter that was sent to Superintendent Toledo after the Carolina Court rendered its Judgment denying the Permanent Injunction.

11. On August 11, 1997, no sand extraction activities took place.

12. Plaintiffs have no pending permit before the DRNA at this time.

13. The parties stipulate to the content and authenticity of the Judgment rendered by the Puerto Rico Supreme Court on June 11, 2001.

14. The Commonwealth case was finally decided by the Supreme Court of Puerto Rico, where it revoked the decision made by the lower court, which had been affirmed by the appellate court.

15. On April 22, 1997, the Municipality of Loíza filed a petition for Injunction before the Commonwealth of Puerto Rico Superior Court of Carolina, Puerto Rico, against the herein Plaintiffs, where it alleged that the permits obtained by them before the local agencies for a housing development were a subterfuge or disguise for the sand extraction activities.

16. After an initial hearing, the Court of First Instance, Carolina Part, issued a temporary restraining order on May 12, 1997, ordering the herein Plaintiffs not to continue with their sand extraction activities for a period of ten days.

17. Afterwards, the pertinent hearings were held as well as an on-site inspection at the project, and the Court then granted the preliminary injunction complaint on May 30, 1997.

CIVIL NO. 97-2251 (JP)                4

18. The sand extraction activities conducted by the herein Plaintiffs at the Property are not incidental to the proposed housing development.

19. The sand extraction activities would have created a lake of approximately 18 "cuerdas", occupying about one-third of the Property.

20. The sand extraction activities had a significant environmental impact and an environmental impact statement (EIS) was held by the Opinion of the Supreme Court of Puerto Rico on June 11, 2001, to be necessary in order to comply with the requirements of Article 4(c) of Public Law No. 9, June 1, 1970 (as amended).

21. Pursuant to the Opinion of the Supreme Court of Puerto Rico of June 11, 2001, Plaintiffs at this time do not have an adequate Commonwealth permit that allows the sand extraction activities as proposed by them at the Property.

22. Pursuant to the Opinion of the Supreme Court of Puerto Rico of June 11, 2001, the permits obtained for the housing development cannot be used as a basis for the proposed sand extraction activities by the Plaintiffs.

Additionally, Plaintiffs will file a Motion seeking an Order to Compel Co-Defendant Daniel Pagán to appear for a deposition on a specific date. Should co-Defendant Pedro Toledo not appear for his deposition on November 27, 2001, Plaintiff's Motion will also include him, and this Court's corresponding Order will also compel co-Defendant Toledo to appear for a deposition at a later date.

CIVIL NO. 97-2251 (JP)                5

Plaintiff's counsel will be responsible for obtaining the necessary Writ from the Clerk of the Court to enforce the Order.

All dates as stated in the Initial Scheduling Conference Order still stand as stated therein.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 28th day of November, 2001.

JAIME PIERAS, JR.
U. S. SENIOR DISTRICT JUDGE