IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SURIMA SUAREZ CESTERO, et al.,        *
                                       *
    Plaintiffs,                        *
                                       *
vs.                                    *       CIVIL NO. 97-2251 (JP)
                                       *
DANIEL PAGAN ROSA, et al.,             *
                                       *
    Defendants.                        *
                                       *

### OPINION AND ORDER

**I.   INTRODUCTION**

The Court has before it official capacity co-Defendant Hon. Ferdín Carrasquillo Ayala's "Motion about Judge as a Witness"[1] (**docket No. 228**) (hereinafter the "Defendant"), and Plaintiffs' opposition thereto (docket No. 229). The procedural history and facts of this case are long and complicated, and have been discussed twice in great detail by this Court in its lengthy Opinion and Orders of July 20, 2001, and March 11, 2002 (docket Nos. 143 and 208). Therefore, the Court will not delve any further into it.

In the motion filed on September 17, 2002, Defendant's attorneys alluded to a problem in the case, stating that the undersigned had been named as a witness in a case pending before the Commonwealth of Puerto Rico in which Defendant's counsel represents the opposing party. Therefore, Defendant's counsel argues, this creates an "impossible situation"[2], that they are "very affected"[3] by this

---

[1] Defendant, in fact, really filed a motion for recusal, but with a different title.

[2] Defendant's Motion at 2.

[3] Id.



CIVIL NO. 97-2251 (JP)                 2

development, and further, that the "subscribing attorneys can not (sic) in an adequate proffesional (sic) and emotional condition to continue (sic) in the litigation of this case"[4].  Interestingly, while Defendant's attorneys find that withdrawal of themselves as counsel will negatively affect their client, and consequently state how they cannot withdraw, they ask Chief Judge Laffitte to presumably[5] order the recusal of the undersigned from this case, without any mention whatsoever of the effect of such a recusal upon the present case, and of the time and effort that the undersigned has put into this case, which languished for years in inactivity and has only recently gained momentum once again.  The Court finds this disturbing.

**II. STANDARD**

   A.  <u>Standard for Recusal Under 28 U.S.C. § 144</u>

   28 U.S.C. § 144, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within

---

[4] Id. at 2-3.

[5] The Court says 'presumably', because Defendant's motion cites no statute, and does not make an actual petition; it merely states that counsel cannot withdraw from this case, and asks that the motion be sent to Chief Judge Laffitte for "analisis (sic) and resolution".  The court presumes this means that counsel wishes Chief Judge Laffitte to order the undersigned to recuse himself from the present case.

CIVIL NO. 97-2251 (JP)                3

> such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that is made in good faith.

28 U.S.C. § 144.

When an affidavit of personal bias or prejudice is filed pursuant to § 144, the trial judge must pass on the legal sufficiency of the affidavit, although he may not pass on the truth of the matters asserted. United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). When warranted, the judge is duty bound to recuse himself from the case to insure the appearance of justice and to foster and preserve public confidence in the judiciary. In re: Medrano Díaz, 182 B.R. 654, 659 (Bankr. D.P.R. 1995). It is also true, however, that a judge has a duty to sit where the facts do not substantiate recusal, thereby ensuring that parties do not manipulate the judicial system to obtain the judges of their choice. Id. (quoting In re: Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)).

28 U.S.C. § 144 applies only to district court judges, whereas § 455 applies to all federal judges, justices and magistrates. Section 144 is now somewhat of a superfluous statute, since the ground for disqualification stated therein is now subsumed by 28 U.S.C. § 455(b)(1), and the only distinction between them is the manner in which the allegation is brought before the Court. Liteky v. United States, 510 U.S. 540, 547 (1994). Section 144 requires that a timely and sufficient affidavit of bias be filed, a requirement not contained in § 455. Id. "Since sections 144 and 455 of 28 U.S.C. use similar language, and are intended to govern the

CIVIL NO. 97-2251 (JP)                4

same area of conduct, they have been construed *in pari materia*, and the test of the legal sufficiency of a motion for disqualification is the same under both statutes." Kelley, 712 F.2d at 889.

B. <u>Standard for Recusal Under 28 U.S.C. § 455</u>

28 U.S.C. § 455 provides in pertinent part:

(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;

CIVIL NO. 97-2251 (JP)                5

>       (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>       (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455.

While Defendant has not directly cited to any statute, the Court can only assume that his request under this statute is made pursuant to section (b)(1), alleging that the undersigned has personal bias or prejudice concerning a party, or personal knowledge of facts concerning the proceeding, for none of the remaining articles apply to the case at bar. That is to say, the undersigned has not served as a private practice lawyer in the matter in controversy, (b)(2); he has not participated in this case in a governmental capacity, (b)(3); he has no financial interest in the case at bar, (b)(4); and lastly, no spouse or other relation of his is a participant in this case, (b)(5).

It has been clearly established that, on the one hand, "courts must not only be, but must seem to be, free of bias or prejudice." In re: United States, 666 F.2d 690, 694 (1st Cir. 1981). On the other hand, recusal on demand would put too large a club in the hands of litigants and lawyers, enabling them to veto the assignment of judges for no good reason. Thus, compulsory recusal must require more than subjective fears, unsupported accusations, or unfounded surmise. See id.

Section 455(a) attempts to reconcile these competing policies. The statute requires a judge to step down only if the charge against

CIVIL NO. 97-2251 (JP)            6

him or her is supported by a factual foundation and "the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." Id. at 695. The analysis of allegations, the balancing of policies, and the resulting decision whether to disqualify are in the first instance committed to the district judge. In re: United States, 158 F.3d 26, 30 (1st Cir. 1988). And, since in many cases reasonable deciders may disagree, the district judge is allowed a wide range of discretion in his decision. While serious doubts ordinarily ought to be resolved in favor of recusal, see Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995); United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993), the challenged judge is given wide latitude in reaching his decision to recuse himself.

That said, the Court concludes that, even though not explicitly raised by Defendant, there are three possible grounds for a judge's disqualification in this case under § 144, § 455(a) and § 455(b)(1): 1) the judge's impartiality may reasonably be questioned; or 2) the judge may have a personal bias or prejudice concerning a party; or 3) the judge may have personal knowledge of disputed evidentiary facts or relevant information. 28 U.S.C. § 144, 28 U.S.C. 455(a) and (b)(1); Kelley, 712 F.2d at 889 (citing United States v. Mirkin, 649 F.2d 78, 81 (1st Cir. 1981)). With respect to the first ground, the proper test is objective: whether the charge of partiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality in the mind of a reasonable person. Id. at 890. With respect to the second ground, the First Circuit has held that

CIVIL NO. 97-2251 (JP)                7

to require disqualification, the alleged bias or prejudice must be both personal, i.e., directed against a party, and extrajudicial. Id. "Facts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias." Id. (citing United States v. Grinnell Corp., 384 U.S. 563, 583, 88 S. Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); see also Liteky, 510 U.S. 540 (discussing origin and contours of extrajudicial source doctrine). Regarding the third, it must relate to evidentiary matters at issue during trial at hand. El Fénix de Puerto Rico v. M/Y JOHANNY, 36 F.3d 136 (1st Cir. 1994) (El Fénix requesting that it be permitted to depose an attorney to determine whether he had consulted with the presiding judge about an evidentiary issue during that same trial). Finally, when considering disqualification, the district court is not to use the standard of "Caesar's wife," the standard of mere suspicion. In re: United States, 666 F.2d at 695, n.*6. Having established the legal framework, the Court proceeds to analyze the facts in light of them.

**III. ANALYSIS**

As a preliminary matter, the Court notes that Defendant requested the Motion be sent to Chief Judge Laffitte "for analisis (sic) and resolution". However, it is well established that, as previously stated, the analysis of allegations, the balancing of

---

    6  See also Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) ("Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" not ordinarily sufficient to require recusal under § 455(a)); El Fénix de Puerto Rico, 36 F.3d at 139 (highly tenuous and speculative allegations do not place the court's impartiality in objectively reasonable question).

CIVIL NO. 97-2251 (JP)                8

policies, and the resulting decision whether to disqualify are left to the district judge for his own perusal. In re: United States, 158 F.3d at 37. It is the trial court's choice, when faced with a § 455(a) recusal motion, whether to transfer the matter to another judge for decision. See United States v. Heldt, 668 F.2d 1238, 1271 (D.C. Cir. 1981) (*per curiam*); El Fénix de Puerto Rico, 36 F.3d at 136 (the mere filing of a recusal motion under section 455 does not automatically require that the motion be determined by another judge); see also 13A Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 3550 Jurisdiction (2d ed. 1984). Therefore, the fact that Defendants petitioned for Chief Judge Laffitte to rule on this motion is irrelevant; it is the undersigned's duty to rule upon the same.

   a. Section 144

  Regarding § 144, the motion filed by Attorneys Miguel Pagán and Francisco San Miguel Fuxench is procedurally deficient. Under 28 U.S.C. § 144, three steps must be completed. First, an affidavit of bias must be made. See 28 U.S.C. § 144. Second, the same must be filed by a *party* to a proceeding, not a party's attorney. Id., Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654, 658-59 (5th Cir. 1985); United States ex rel. Wilson v. Coughlin, 472 F.2d 100, 104 (7th Cir. 1973); Giebe v. Pence, 431 F.2d 942 (9th Cir. 1970); Bumpus v. Uniroyal Tire Co., Div. of Uniroyal, Inc., 385 F. Supp. 711, 712 (E.D. Pa. 1974); Paschall v. Mayone, 454 F. Supp. 1289, 1300 (S.D.N.Y. 1978). The third step in the process requires that the affidavit be accompanied by a certificate from counsel

CIVIL NO. 97-2251 (JP)                     9

stating that it was made in good faith. <u>See</u>, <u>e.g.</u>, 28 U.S.C. § 144; <u>United States v. Occhipinti</u>, 851 F. Supp. 523, 527 (S.D.N.Y. 1993) (motion for recusal under § 144 should be accompanied by both a factual affidavit and a separate certificate that the affidavit was made in good faith).

In the case at bar, a mere motion was filed (entitled "About Judge as a Witness") by counsel for Defendant, without any supporting documentation, affidavit, certificate, or even a single citation to the appropriate relevant statutes. Procedurally, this is simply insufficient under the statute to state a valid claim for recusal under 28 U. S. C. § 144, and therefore the same is **DENIED**.

    b.  <u>Section 455</u>

Regarding § 455, it is evident to the Court that the disqualification from the current proceeding must be made pursuant to bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts *in the proceeding at hand;* that is to say, in the case at bar, and no other. <u>See</u> <u>generally</u>, <u>El Fénix de Puerto Rico</u>, 36 F.3d 136. In the case at bar, Defendant has not alleged that the undersigned has been partial to any one party, or that he has shown any bias toward Plaintiffs, or that he has shown any prejudice toward Defendants. Additionally, Defendant has not demonstrated that the undersigned has personal knowledge of disputed evidentiary facts in the case at bar. Defendant's counsel has only vaguely alleged without any substantiating evidence, that the announcement of the undersigned as a witness *in another proceeding completely unrelated to the one at hand*, in which they are the

CIVIL NO. 97-2251 (JP)            10

leading attorneys, has created an "impossible situation" for them. In other words, they have not alleged that the undersigned should recuse himself from this case due to bias, prejudice or knowledge of relevant facts of this case, but rather for knowledge of another case that has no bearing upon the present one.

It is true that occasionally exceptional circumstances do arise where a judge's attitude toward a particular attorney is so hostile that the judge's impartiality toward the client may reasonably be questioned. See Bell v. Chandler, 569 F.2d 556 (10th Cir. 1978) (judge's disbarment of a United States Attorney and five Assistant United States Attorneys in earlier proceedings which had been procedurally deficient and wholly unjustified demonstrated unlikelihood that the United States could obtain a fair trial). However, such situations are rare, and this case is not one of them. The Court does not believe the charges in the case at bar would create doubt in the mind of a reasonable person regarding the undersigned's impartiality.

Regarding any personal bias or prejudice on behalf of the undersigned against a party, Defendant has again presented no evidence of this type of conduct. Indeed, there have been many cases where an attorney and a Judge who have had prior dealings together have coincided without need for the judge's recusal. See United States v. Kelley, 712 F.2d 884 (1st Cir. 1983) (judge's authorization of a wire tap order against counsel on the ground that there was probable cause to believe counsel was obstructing justice did not disqualify judge from presiding over criminal proceedings at which

CIVIL NO. 97-2251 (JP)                11

the defendant was represented by the wiretapped counsel); United States v. Cook, 400 F.2d 877 (4th Cir. 1968), *cert. denied*, 393 U.S. 1100, 89 S. Ct. 898, 21 L.Ed.2d 792 (1969) (a judge, who sat on proceedings which culminated in the suspension of defendant's counsel because of counsel's unethical behavior in conducting defendant's defense, thereafter presided at defendant's trial, did not deny defendant a fair trial; "[a] judge is presumed not to confuse the evidence in one case with that in another," and therefore the judge was not disqualified from presiding at defendant's trial); Honneus v. United States, 425 F. Supp. 164 (D. Mass. 1977) (judge's referral of trial counsel to Board of Bar Overseers because of counsel's unprofessional conduct during defendant's trial did not require judge to recuse himself from presiding over defendant's motion to vacate his conviction where defendant was represented by new counsel in the post conviction proceeding). In none of these cases was prejudice or bias on behalf of the judge found, and thus no recusal was necessary.

However, and more importantly, it is evident that the bias, prejudice or other harm has to actually stem from the present case or has to directly affect the present case. Defendant has not shown how the undersigned's minimal testimony as a witness in an unrelated case, done as a favor, will affect the outcome of the present case in any way. The mere fact that Defendant's counsel is involved in separate litigation completely unrelated to this one is not sufficient to warrant recusal of the undersigned from this litigation. See National Auto Brokers Corp. v. General Motors Corp.,

5762 F.2d 953 (2d Cir. 1978) *cert. denied,* 439 U. S. 1072, 99 S. Ct. 844, 59 L. Ed. 2d 38 (Prior representation of a party by a Judge or his law firm with regard to a matter unrelated to litigation before him does not automatically require recusal); In re: Continental Vending Machine Corp., 543 F.2d 986 (2d Cir. 1976) (The purpose of the section is to prevent the judge from having to pass on the competency and veracity of his own testimony with respect to the matter presently before him; therefore, fact that judge was a witness in a matter wholly unrelated to the case before him should not disqualify him); In re: Wyoming Tight Sands Antitrust Cases, 726 F. Supp. 288 (Kan. 1989) (Judge's testimony, more than 15 years earlier, before Federal Power Commission regarding shortage of natural gas and need for development of new sources of supply did not give rise to any "reasonable" doubts about his impartiality, in price-fixing action against natural gas company); Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 872 F. Supp. 1346 (Pa. 1994) (Judge's personal involvement with accreditation efforts of a different law school 20 years earlier as a parent of a law student did not create such appearance of bias as would warrant recusal in antitrust action arising from bar association's failure to grant accreditation to another law school). No bias that could affect the present case has been shown by Defendants.

However the Court must add that this analysis contains a second component: the personal knowledge gained regarding the evidentiary facts must have been gained extrajudicially. Liteky, 510 U. S. at 554, 114 S. Ct. at 1157 (opinion held by a judge must derive from a

CIVIL NO. 97-2251 (JP)               13

source outside judicial proceedings; that is to say, the judge must have relied upon knowledge acquired outside such proceedings). If Defendant fails to satisfy the first step of the analysis, he also necessarily fails to satisfy this second one. Defendant has not alleged that the undersigned has rendered or formed an opinion in this case from any extrajudicial knowledge or source that will somehow affect the case. Therefore, Defendant's claim under § 455 also fails, and is therefore **DENIED**.

     c. <u>Timeliness of the motion</u>

  Finally, the Court feels compelled to address the timing of the motion filed by Defendant. Indeed, this recusal motion may have been rendered infirm by Defendant's delay in filing it. <u>See</u>, <u>e.g.</u>, <u>E. & J. Gallo Winery v. Gallo Cattle Co.</u>, 967 F.2d 1280 (9th Cir. 1992) (finding motion untimely where § 455(a) and (b)(2) challenge was made after adverse judgment and grounds had been known to movant beforehand).

  It has been held that the timing of a recusal motion is entirely relevant to whether impartiality has "reasonably" been brought to the Court's attention. <u>See</u> <u>United States v. Kelly</u>, 519 F. Supp. 1029, 1050 (Mass. 1981) ("one seeking the disqualification of the judge must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification"). Indeed, "to hold otherwise would encourage parties to withhold recusal motions pending a resolution", <u>Gallo</u>, 967 F.2d at 1295; <u>see also</u> <u>generally</u> 7 James W. Moore & Jo D. Lucas, Moore's Federal Practice and Procedure, § 63.07[2.-2] (2d ed. 1993) ("[A] litigant who is aware

CIVIL NO. 97-2251 (JP)                    14

of a potential ground of recusal should not be permitted to 'sandbag' that ground, hoping for a satisfactory resolution, but retaining a ground of attack on the judge's rulings.")

The First Circuit has admonished that "a party, knowing of a ground for requesting disqualification, cannot be permitted to wait and decide whether he likes subsequent treatment that he receives." In re: United Shoe Machinery Corp., 276 F.2d 77, 79 (1st Cir. 1960). Because it prevents such abuse, "the requirement of timeliness is of fundamental importance." Id. at 79. A major practical reason for the timeliness requirement is that the granting of a motion to recuse necessarily results in a waste of the judicial resources which have already been invested in the proceeding. See In re: International Business Machines Corp., 618 F.2d 923 (2d Cir. 1980).

In the case at bar, Defendant alleges he first knew that the undersigned was listed as a witness in the Commonwealth case on June 26, 2002. However, it was not until September 17, 2002, and only after the Court of Appeals rendered an unfavorable decision to Defendant on September 9, 2002, that he chose to bring to the Court's attention the matter of recusal. The Court finds this silence on Defendant's behalf, and his reticence to reveal this information as soon as he knew about it, very telling. Defendant purposely withheld this motion until a decision which did not favor him was rendered. This is exactly the behavior this rule was intended to prevent. Defendant's Motion is **DENIED**.

CIVIL NO. 97-2251 (JP)                         15

## IV. CONCLUSION

In view of the foregoing reasons, and finding that the standard for recusal has not been met under either 28 U.S.C. § 144 or § 455, the Court hereby **DENIES** Defendant Hon. Ferdín Carrasquillo Ayala's "Motion About Judge as a Witness".

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 22 day of October, 2002.

                                                    JAIME PIERAS, JR.
                                                    U.S. SENIOR DISTRICT JUDGE