IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SURIMA SUAREZ CESTERO, et al.,

    Plaintiffs,

vs.                                                    CIVIL NO. 97-2251 (JP)

DANIEL PAGAN ROSA, et al.,

    Defendants.

## OPINION AND ORDER

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

The Court has before it co-Defendants Ingrid Lloréns Orlandi and Evelyn Roig Bonilla's (hereinafter "co-Defendants") Motion to Dismiss (**docket No. 210**) filed on March 14, 2002, and Plaintiffs' opposition thereto (docket No. 217). The procedural history of this case is long and complicated, and has been twice discussed in great detail by this Court in its Opinion and Orders of July 20, 2001, and March 11, 2002 (docket Nos. 143 and 208). Therefore, the Court will only attend to the facts as they pertain to the issue before it.

In August 1997, Plaintiffs in this case brought suit against then Secretary of Natural Resources Daniel Pagán Rosa, Police Superintendent Pedro Toledo Dávila, Police Colonel Carmelo Correa, and Loíza Mayor Ferdín Carrasquillo, in their official as well as their personal capacities. Plaintiffs alleged that their civil rights were violated when the Mayor of Loíza and some townspeople allegedly picketed and blocked their sand extraction project, interfered with an allegedly legal sand removal operation, and allegedly held several people hostage at the site. Due to several

CIVIL NO. 97-2251 (JP)                    2

occurrences which the Court will not labor upon, mainly to the voluminous nature of this case, coupled with a parallel state court proceeding that twice went up on appeal, and a lengthy moratoria on sand extraction imposed by the Puerto Rico Legislature that paralyzed the project, this case remained dormant for some time.

On May 11, 2001, almost four years after the original complaint was filed, Plaintiffs amended their original Complaint to include the current Secretary of Natural Resources, Carlos Padín, and the current Police Chief, Pierre Vivoni, and their wives, as well as all of the original Defendants' wives. However, some of the wives' names were unknown to Plaintiffs. Therefore, Plaintiffs sued them under a pseudonym, as is allowed under the rules of pleading, until such time as the parties' real names could be ascertained. Specifically, Secretary Daniel Pagán Rosa, Superintendent Pedro Toledo Dávila and Colonel Carmelo Correa's wives were sued under the pseudonym names of "Jane Doe", "Mary Roe" and "Rose Zoe", respectively. Mrs. María Dávila Rivera, the spouse of Mayor Carrasquillo, was sued under her own name.

The causes of action against current Secretary of Natural Resources Padín and the current Police Chief Vivoni[1] and their spouses were dismissed by this Court via its Opinion and Order of July 20, 2001 (docket No. 143). Regarding the remaining co-Defendants' spouses, Secretary Pagán's wife, Ingrid Lloréns Orlandi

---

[1] As of the date of this writing, Pierre Vivoni is no longer the Chief of Police.

CIVIL NO. 97-2251 (JP)                3

was served on February 4, 2002, and Colonel Carmelo Correa's spouse, Evelyn Roig Bonilla was served on February 18, 2002. That is to say, both co-Defendants were served more than 9 months after the Amended Complaint was filed. In addition, the Court notes that the remaining two spouses were also served during the month of February 2002. As of this writing, neither of them has answered the Amended Complaint.

Co-Defendants allege that Plaintiffs failed to serve them within the 120 days allotted by Fed. R. Civ. P. 4(m). They also allege that the claims asserted against them in the Amended Complaint do not relate back to the original complaint, and therefore Plaintiffs failed to comply with Fed. R. Civ. P. 15(c)(3)(A), the federal rule dealing with relation back of claims. These co-Defendants thereby request a dismissal of the claims brought forth against them. In essence, although they have not explicitly stated so, co-Defendants have brought forth a motion under Fed. R. Civ. P. 12(b)(2), alleging this Court does not have personal jurisdiction over co-Defendants Lloréns and Roig, since they were not served within the time allotted by the federal rules. For the reasons set forth herein, Defendants' motion is **DENIED**.

**II. LEGAL STANDARD**

In ruling on a motion to dismiss for lack of personal jurisdiction, the district court must examine the service of process performed, and whether the individuals in question have submitted themselves to the jurisdiction of the court. See Insurance Corp. of

CIVIL NO. 97-2251 (JP)                4

Ireland v. Compagnie des Bauxites, 456 U.S. 694, 703-05, 102 S. Ct. 2099, 2105, 72 L.Ed.2d 492 (1982). It is a common legal principle that without personal jurisdiction a court is without power to adjudicate a claim or obligation of a person, and any judgment or order so rendered is null and void. General Contracting & Trading Co. v. Interpole Inc., 899 F.2d 109 (1st Cir. 1990). Ordinarily, "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process", Hansberry v. Lee, 311 U.S. 32, 40, 61 S. Ct. 115, 117, 85 L.Ed. 22 (1940), and this has been the "consistent constitutional rule." Zenith Radio Corp. v. Hazeltine, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L.Ed.2d 129 (1969); See also, Carta v. Town of Fairfield, 959 F.2d 230 (1st Cir. 1992). It is with this framework in mind that this Court will assess the instant motion.

**III. DISCUSSION**

As an initial matter, the Court addresses Defendants' allegations that Plaintiffs had until May 8, 1997, or one year after their Complaint was filed, to file an Amended Complaint, and therefore, the Amended Complaint was not timely filed. The Court disagrees. This case has presented this Court with an unusual set of circumstances. Due to the voluminous nature of this case, coupled with rejections of the same by several Judges of this Court, a lack of staffing to handle this case, a parallel state court proceeding that twice went up on appeal, and the lengthy moratoria on sand

CIVIL NO. 97-2251 (JP)                    5

extraction imposed by the Puerto Rico Legislature that paralyzed the project, this case remained dormant for some time. Therefore, the usual guidelines for case management did not apply to this case. It was, in fact, immediately after the undersigned was granted funding for an additional law clerk that this case was "brought back to life", and Plaintiffs filed their Amended Complaint. The Court finds that the circumstances surrounding this case have not lent themselves to make this case an ordinary, garden variety civil case. Therefore Defendants' argument is unavailing.

The Court then begins its analysis with the issue of service of process under Fed. R. Civ. P. 4(m), given the fact that it is of a jurisdictional nature, and if such service was in fact tardy and no good cause was shown for this delay, it disposes of the issue and the Court's analysis need go no further.

Fed. R. Civ. P 4(m) states, in pertinent part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m); see also Wilson v. U.S. Government, 23 F.3d 559 (1st Cir. 1994).

Plaintiffs filed their Amended Complaint on May 11, 2001, to substitute and add new parties. Therefore, both co-Defendants should have been served within 120 days of this date, namely on or before

CIVIL NO. 97-2251 (JP)            6

September 10, 2001.  Instead, Ingrid Lloréns Orlandi was served on February 4, 2002, and Evelyn Roig Bonilla was served on February 18, 2002, more than 8 months after the date of filing of the Amended Complaint.

Plaintiffs justify their failure to effect timely service with the allegation that they were unable to discern the names of these ladies before the 120-day deadline.  However, they requested no extension of time from the Court, nor did they notify the Court in any way about problems they might have encountered in ascertaining the names of Defendants' wives.  The Court finds that they could have easily done so, and that this was a fundamental failure by Plaintiffs to comply with one of the most basic requirements of civil procedure, which should not go unnoticed.

However, a special rule permits service when a defendant's name is unknown to a plaintiff, and, after ascertaining his identity, that defendant is served after the 120-day time limit for service has expired.  Consequently, the analysis in this case turns on whether this modification "related back" to the inception of the action.  Defendants claim that it does not.

The relevant rule for such an inquiry is Rule 15(c)(3).  It provides that an amendment which changes the party or the naming of the party against whom a claim is asserted, relates back to the date of the original complaint when the claim or defense asserted in the amended pleading arose out of the same transaction or occurrence set forth in the original pleading and,

CIVIL NO. 97-2251 (JP)                    7

> "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Fed. R. Civ. P. 15(c)(3).

Thus, as drafted, Rule 15(c)(3) has four requirements, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. See Schiavone v. Fortune, 477 U.S. 21, 29, 106 S. Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

The first requirement, that of the same transaction or occurrence, is satisfied here: both the original and the amended complaints derive from precisely the same conduct - Plaintiffs' sand operations at the Lago del Palmar project in Loíza.

The second requirement that Plaintiffs need to overcome is that of timely notice to the party. In the context of this rule, notice need not be formal. See Advisory Committee's Notes on Fed. R. Civ. P. 15, 28 U.S.C. App. at 551. In other words, the notice need not be actual service of the complaint. Because their husbands were timely served, the Court finds that this complied with the notice

CIVIL NO. 97-2251 (JP)                    8

requirement in this section, and further, that the interests of the Defendants' wives were always adequately protected by their husbands' counsel, since the point of including the wives and conjugal partnership in a case is to protect conjugal interests. See Young v. Lepone, 305 F.3d 1 (1st Cir. 2002) (holding that if the parties are so closely related in the business operations or other activities, the institution of an action against one serves to provide notice of the litigation to the other); see also Wilson, 23 F.3d at 563 (1st Cir. 1994) (constructive, not actual notice is permissible) and Schiavone v. Fortune, 447 U.S. 21, 106 S. Ct. 2379, 91 L.Ed.2d 18 (1986) (imputation of notice permitted to a subsequently named and sufficiently related party).

The Court finds that the Defendants' wives were so closely related in this instance as to receive notice by service of their husbands, and that Defendants' wives were not prejudiced by Plaintiffs' tardy service. See also Young, 305 F.3d at 15 (the 'old' and 'new' plaintiffs must be sufficiently related so that the 'new' plaintiff was, in effect, involved in the proceedings from an early stage); and Allied Int'l, Inc., v. International Longshoremen's Ass'n., 814 F.3d 32 (1st Cir. 1987) (a fairly advanced degree of privity is required to ground the substitution or addition of new plaintiffs under Rule 15(c)).

The third requirement, that the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, is likewise met in this instance.

Defendants' wives knew, by the Complaint filed against their husbands, that they had been sued in this cause of action, but that their names were unknown to Plaintiffs. Therefore, they should have known that, absent this mistake, the action would have been brought with their own names on it. See generally, Leonard v. Parry, 219 F.3d 25 (1st Cir. 2000); Wilson, 23 F.3d at 563 (stating that relation back was permitted to correct misnomer of a defendant where the proper defendant is before the Court and the effect is to correct the name under which he is sued). This is directly applicable to the case at bar, where Defendants' wives, the correct parties, were sued under a pseudonym, and the effect of the service was to correct the name under which they were sued.

The last requirement is that notice be effected (or gained), *and that the party's knowledge of the mistake both occur within the applicable statutory period*. The linchpin, then, is notice *within the limitations period*, in this case, the period provided by Rule 4(m) for service of the summons and complaint. The Court does not doubt that Defendants' wives had notice of this action very shortly after it was filed, even if they were not personally served until after the statute of limitations had expired. This was a claim filed against their husbands, against them personally, and against the conjugal partnership existing between them, and therefore, notice of the same, especially between husband and wife, is certainly permissible. See Young, 305 F.3d at 15 ("The substitution of parties after the applicable statute of limitations may have run is not

CIVIL NO. 97-2251 (JP)               10

significant when the change is merely formal and in no way alters the known facts and issues on which the action is based) (*quoting* Staren v. American Nat'l Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir. 1976). Finding that the requirements for relation back have been met in the case at bar, the Court **DENIES** co-Defendants' Ingrid Lloréns Orlandi and Evelyn Roig Bonilla's Motion to Dismiss.

As a final matter, the Court addresses Plaintiffs' argument that they were unable to serve Co-Defendants within 120 days after filing as required under the federal rules because "they had no summons to serve upon the movants until after the 120-day period of time had elapsed", and the law does not require anyone to do the impossible. In essence, they allege that since summons weren't issued until after the 120-day time line, the co-Defendants could not be served within the 120-day time period. The Court finds this argument to be flawed, and that Plaintiff misconstrues the applicable rules for service of process.

Federal Rule of Civil Procedure 4(m) clearly states that service of the Summons and the Complaint is to be made within 120 days from the filing *of the Complaint*. See Fed. R. Civ. P. 4(m). Therefore, it is up to a plaintiff to obtain the summons within the 120-day window, and serve the Summons and a copy of the Complaint upon Defendants *within that same 120-day window*. Therefore, Plaintiffs' argument of impossibility is unavailing to them, and the Court finds that they lacked due diligence in this matter.

CIVIL NO. 97-2251 (JP)                11

### IV. CONCLUSION

All parties appearing before this Court are expected to zealously advance their cause. To be sure, this Court is not a "parking-lot" for stagnant cases. The Court expects all parties to put forth their best efforts in moving it along. By not serving co-Defendants within the 120-day time-limit as prescribed by the Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff has not zealously prosecuted this case. Therefore, as a sanction for their lack of diligence, Plaintiffs are hereby sanctioned $250.00, to be paid to the Clerk of the Court on or before **November 15, 2002**. Finally, because it finds that the service effected on co-Defendants related back to the filing of the Amended Complaint, the Court **DENIES** co-Defendants Ingrid Lloréns Orlandi and Evelyn Roig Bonilla's Motion to Dismiss (**docket No. 210**).

Co-Defendants Ingrid Lloréns Orlandi and Evelyn Roig Bonilla **SHALL** Answer the Amended Complaint on or before **November 15, 2002**. Regarding Mrs. María Rivera Dávila and Mrs. Ana Cintrón García, although they have not appeared before this Court requesting this remedy, they **SHALL** answer the Amended Complaint on or before **November 15, 2002**.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, on this 6th day of November, 2002.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE